MARY W. KEITH

*v.*

GEORGE A. GOLDSMITH *et al.*

*Opinion filed February 21, 1902.*

CONTRACTS—*when contract establishing building line is not violated.*
A contract between owners of adjoining lots, by which they agree
not to erect any buildings beyond a certain line, "steps, porches
and bay windows excepted," is not violated by the erection of a
semi-polygonal projection containing windows and extending be-
yond the agreed line, even though such structure is built upon a
foundation resting on the ground.

APPEAL from the Circuit Court of Cook county; the
Hon. E. P. VAIL, Judge, presiding.

This is a bill, filed by appellant against the appel-
lees, charging that the appellees have violated a written
contract with the appellant in relation to a building line
upon their respective lots, which adjoin each other; and
praying that a certain addition, alleged to be in process
of erection contrary to the terms of the contract, may be
removed.   The bill was demurred to, and the court be-
low sustained the demurrer, and dismissed the bill.  Ap-
pellant excepted to the decree of the court, and elected
to stand by her bill.   The present appeal is prosecuted
from such decree entered by the court below.

The contract, which is dated February 11, 1901, and
executed between appellant, as party of the first part,
and appellee, George A. Goldsmith, as party of the sec-
ond part, recites that appellant is the owner of a lot
thirty-three feet wide on the east side of Prairie avenue
fronting west, and that appellee owns certain lots or
parts of lots lying next to and just north of said thirty-
three feet; and also recites that the parties established
a building line across the premises twenty-three feet
and five inches east of and parallel with the east line
of Prairie avenue, and that it was agreed between them
that no building should be erected upon the west twenty-

three feet and five inches of the premises above de-
scribed, "(steps, porches and bay windows excepted);"
and, after making these recitals, the contract provided
that appellant would not erect or cause to be erected up-
on the premises owned by her any building upon the west
twenty-three feet and five inches thereof, "(steps, porches
and bay windows excepted)," and appellee, George A.
Goldsmith, agreed with appellant, that he would not
erect or cause to be erected upon the west twenty-three
feet and five inches of the premises owned by him any
building whatsoever, "(steps, porches and bay windows
excepted)." It was also provided in the contract, that
the obligations thereof should be obligatory upon the
heirs, legal representatives and assigns of the parties,
and that the agreement should be considered as a cove-
nant running with the land.

The bill alleges, that George A. Goldsmith and Mil-
lie S., his wife, by warranty deed, conveyed said thirty-
three feet to Millie S. and Cecelia Goldsmith, and that
said Millie and Cecelia and their husbands conveyed the
same by trust deed to Alfred M. Snydacker, as trustee.
Said Millie and Cecelia and Snydacker, trustee, are al-
leged to have taken the conveyance with full knowledge
of the contract entered into between the appellant and
appellee, George A. Goldsmith.

FRANK B. DYCHE, for appellant.

STILLMAN & MARTYN, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the
court:

By the contract entered into between appellant and
George A. Goldsmith, the latter and his assigns had a
right to erect steps, porches and bay windows in the
space west of the building line agreed upon. The appel-
lees commenced the erection of a structure upon their lot,
the plan of which shows that there is to be, as a part

of that structure, a bay window and porch and front steps west of the building line and within the space reserved in front of the building line. The main question in the case is whether the projection or extension, which the appellees have commenced to erect, is or is not a bay window within the meaning of the contract. The material part of the agreement provides that "no building shall be erected on the west twenty-three feet and five inches of the premises above described (steps, porches and bay windows excepted)." Appellees claim that the contemplated improvement comes within the exception named in the contract, while appellant contends to the contrary.

The agreement contains no specifications and no restrictions or limitations upon the character or size of the projections, but provides only that they shall be either steps, or porches, or bay windows.

The bay window, so-called, whose erection has been begun, rests upon foundations built into the ground and extends seven feet and seven inches beyond the building line. It is a semi-polygonal projection upon the northerly end of the improvement. Counsel for appellant recites certain definitions of a bay window, which describe it as a window forming a recess in a room, and projecting outward from the wall either in a rectangular, polygonal or semi-circular form. The contention of the appellant, as we understand it, is that a bay window projects from the general surface of the house, but does not rise from the ground or from a foundation wall in the ground. On the other hand, counsel for appellees refer us to definitions of a bay window, which describe it as a window forming a recess in a room, projecting outward, and rising from the ground or basement on a plan rectangular, semi-octagonal, or semi-hexagonal, but always straight sided. The definitions, referred to by the appellees, describe such a window as resting on the ground, as affording a view along the face of the walls on each side, as being

oftentimes as large as a moderate sized room, with a projection even greater than its measurement along the wall, and as being continuous with, and a prolongation or widening of, the room. So far as we are able to judge from the definitions presented to us by counsel on both sides, we are satisfied that the bay window, proposed to be erected by appellees, comes within the meaning of that term as used in the contract, and that appellees have not been guilty of any violation of the contract. The mere fact, that the bay window rises from a foundation in the ground, instead of being a mere projection outward from the wall some distance above the ground, does not make it any the less a bay window within the ordinary meaning of that term.

Counsel for appellant refers to various cases where agreements were made in regard to building lines, but in none of the cases, so referred to, was there the same exception, which is contained in the contract in the case at bar. The contracts in the cases, referred to by counsel, did not authorize the parties to erect steps, porches and bay windows within the reserved space. Of course, if there had been no exception as to steps, porches and bay windows in the present contract, then it would be a serious question whether the contract has not been violated by the erection of these projections within the reserved space. But, by reason of the absence of such an exception, the cases referred to have no application here.

Holding, as we do, that there was no violation of the contract, we deem it unnecessary to consider the further propositions submitted by appellant's counsel, to the effect that appellant is entitled to a mandatory injunction, requiring appellees to remove the parts of the building, alleged to be erected beyond the building line contrary to the covenant in the contract; and to the effect that appellant is entitled to a decree, setting aside the contract.

The decree of the court below dismissing the bill is affirmed.                                    *Decree affirmed.*